| | CIVIL MINUTES – GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-08991-CAS (PJWx) | Date | May 18, 2018 |
| Title | HERITAGE INTERNATIONAL, INC. V. SMBAT KG EXPRESS, INC. ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Cindy Nirenberg | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Mark Estrella | Not Present |

**Proceedings:** PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS MBAT KG EXPRESS, INC. AND ARSEN MOVSISYAN D/B/A LH TRUCKING (Dkt. 34, filed April 16, 2018)

## I.     INTRODUCTION

On October 26, 2016, plaintiff Heritage International, Inc. ("plaintiff") brought this action against defendants SMBAT KG Express, Inc. ("SMBAT"), Landstar Global Logistics, Inc. ("Landstar"), and Arsen Movsisyan d/b/a LH Trucking ("Movsisyan") asserting the following claims: (1) violation of the Carmack Amendment to the Interstate Commerce Act ("Carmack Amendment"), 49 U.S.C. § 14706 et seq., (2) negligence and gross negligence, (3) breach of bailment, and (4) breach of contract. Dkt. 1. After being served with summons and the first amended complaint, Landstar removed the action to this Court on December 5, 2016 based on federal question jurisdiction. Id.

On August 30, 2017, the Clerk entered default against defendants SMBAT and Movsisyan. Dkt. 25. On March 1, 2018, plaintiff settled the case with Landstar. Dkt. 31. On April 16, 2018, plaintiff filed the instant motion for default judgment against SMBAT and Movsisyan. Dkt. 34 ("Mot."). The Court held a hearing on May 18, 2018. Having carefully considered plaintiff's motion and supporting exhibits, the Court finds and concludes as follows.

## II.    BACKGROUND

In November 2014, plaintiff sought to deliver a load of mixed nuts (the "Cargo") from California to Pennsylvania to fulfill a purchase order from its customer Trader Joe's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-08991-CAS (PJWx) | Date | May 18, 2018 |
| Title | HERITAGE INTERNATIONAL, INC. V. SMBAT KG EXPRESS, INC. ET AL. | | |

Company ("Trader Joe's"). Dkt. 1-1 ("FAC") ¶ 11; dkt. 35, Declaration of Wichai Tangmanjaroensuk aka Joe Tang ("Tang Decl.") ¶ 4.[1] Plaintiff contracted with Landstar, pursuant to a bill of lading, to retrieve the Cargo from a warehouse in Indio, California and transport it safely and securely to the customer in Nazareth, Pennsylvania. FAC ¶ 11; Tang Decl. ¶ 4. Plaintiff is informed and believes that Landstar delegated the carriage of the Cargo to a trucking company, SMBAT, and its driver Movsisyan. Tang Decl. ¶ 4. Plaintiff alleges that Landstar, SMBAT, and Movsisyan were "agents, servants, employers, and/or employees" of each other, and accordingly "were acting the course and scope of their employment and/or agency at all times relevant to this action." FAC ¶ 7. Plaintiff further alleges that all three defendants were providing interstate motor cargo transportation services for compensation pursuant to a United States Department of Transportation ("DOT") license and motor carrier registration. Id. ¶ 9.

Plaintiff alleges that it duly tendered the Cargo to defendants in good order and condition; however, defendants failed to deliver the Cargo to its destination. FAC ¶ 12. Specifically, plaintiff alleges that Movsisyan parked his vehicle at a motel in Las Vegas, Nevada where the vehicle and Cargo were thereafter discovered missing or stolen. Id.; Tang Decl. ¶ 4. In failing to deliver the Cargo in the same good order and condition in which it was tendered, plaintiff alleges that defendants (1) breached their statutory obligations under the Carmack Amendment, (2) recklessly disregarded agreed handling instructions and carriage terms in a manner that grossly departed from industry standards and thus demonstrated gross negligence, (3) violated their statutory and common law duties as bailees to safely maintain and care for the Cargo while it was in their custody and control, and (4) materially breached their agreement with plaintiff. FAC ¶¶ 16–30. Plaintiff prays for damages in the amount of $175,017.60 in addition to prejudgment interest, attorneys' fees, costs and expenses. Id. ¶ 2.

## III. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55, when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and the

---

[1] Joe Tang ("Tang") is a manager for Heritage. Tang Decl. ¶ 2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-08991-CAS (PJWx) | Date | May 18, 2018 |
| Title | HERITAGE INTERNATIONAL, INC. V. SMBAT KG EXPRESS, INC. ET AL. | | |

plaintiff does not seek a sum certain, the plaintiff must apply to the court for a default judgment. Fed. R. Civ. P. 55.

As a general rule, cases should be decided on the merits as opposed to by default, and therefore, "any doubts as to the propriety of a default are usually resolved against the party seeking a default judgment." Judge Beverly Reid O'Connell & Judge Karen L. Stevenson, California Practice Guide: Federal Civil Procedure Before Trial ¶ 6:11 (The Rutter Group 2017) (citing Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985)). Granting or denying a motion for default judgment is a matter within the court's discretion. Elektra Entm't Grp. Inc. v. Crawford, 226 F.R.D. 388, 392 (C.D. Cal. 2005).

The Ninth Circuit has directed that courts consider the following factors in deciding whether to enter default judgment: (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts; (6) whether defendant's default was the product of excusable neglect; and (7) the strong policy favoring decisions on the merits. See Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986); see also Elektra, 226 F.R.D. at 392.

## IV. DISCUSSION

As a preliminary matter, the Court finds that Landstar properly removed this action based on plaintiff's claim pursuant to the Carmack Amendment. "A plaintiff may bring a Carmack claim in state or federal court, [49 U.S.C.] § 14706(d)(3), but the district courts have original jurisdiction only if the amount in controversy exceeds $10,000, exclusive of interests and costs, 28 U.S.C. § 1337(a)." Hall v. N. Am. Van Lines, Inc, 476 F.3d 683, 686 (9th Cir. 2007). Here, plaintiff seeks damages in the amount of $175,017.16 and accordingly the amount in controversy is satisfied. FAC at 6, ¶ 1.

### A. Possibility of Prejudice to the Plaintiff

The first Eitel factor considers whether a plaintiff will suffer prejudice if a default judgment is not entered. PepsiCo, Inc. v. California Sec. Cans, 238 F. Supp. 2d 1172,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O' JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-08991-CAS (PJWx) | Date | May 18, 2018 |
| Title | HERITAGE INTERNATIONAL, INC. V. SMBAT KG EXPRESS, INC. ET AL. | | |

1177 (C.D. Cal. 2002); see also Eitel, 782 F.2d at 1471–72. A plaintiff is prejudiced if the plaintiff would be "without other recourse for recovery" because the defendant failed to appear or defend against the suit. Pepsi, 238 F. Supp. 2d at 1177; see also Phillip Morris USA, Inc. v. Castworld Products, Inc., 219 F.R.D. 494, 499 (C.D. Cal. 2003). Given the failure of SMBAT and Movsisyan to appear or defend this suit, plaintiff would be prejudiced if denied a remedy against these defendants. As a result, the first Eitel factor weighs in favor of entering default judgment.

### B. Substantive Merits and Sufficiency of the Claims

The second and third Eitel factors—the substantive merits of the claim and the sufficiency of the complaint—are often analyzed together. PepsiCo, 238 F. Supp. 2d at 1175. For the purposes of default judgment, all well-pleaded allegations in the complaint, except those relating to damages, are assumed to be true. Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977). However, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992).

Plaintiff alleges a claim pursuant to the Carmack Amendment, which "subjects a motor carrier transporting cargo in interstate commerce to absolute liability for actual loss or injury to property." Hughes Aircraft Co. v. North Am. Van Lines, Inc., 970 F.2d 609, 611 (9th Cir. 1992). To establish a prima facie case against a motor carrier under the Carmack Amendment, the plaintiff must allege: (1) delivery of the goods to the initial carrier in good condition, (2) damage of the goods before delivery to their final destination, or failure to deliver altogether, and (3) the amount of damages. Beta Spawn, Inc. v. FFE Transportation Services, Inc., 250 F.3d 218, 223 (3d Cir. 2001); accord Roberts v. N. Am. Van Lines, Inc., 394 F. Supp. 2d 1174, 1182 (N.D. Cal. 2004). Here, the FAC alleges that defendants agreed to transport the Cargo pursuant an interstate bill of lading—and that (1) the Cargo was duly tendered to defendants in good order and condition; (2) defendants failed to deliver the Cargo to its final destination; and (3) plaintiff suffered damages in the amount of $175,017.16. Accordingly, plaintiff is entitled to default judgment on its Carmack claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O' JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-08991-CAS (PJWx) | Date | May 18, 2018 |
| Title | HERITAGE INTERNATIONAL, INC. V. SMBAT KG EXPRESS, INC. ET AL. | | |

However, plaintiff cannot recover under its remaining claims for negligence, breach of bailment, or breach of contract because these common law claims are either completely preempted by the Carmack Amendment or otherwise subject to a preemption defense. The Carmack Amendment is "the exclusive cause of action for contract claims alleging delay, loss, failure to deliver or damage to property." Hall, 476 F.3d at 688; see also Hughes Aircraft, 970 F.2d at 613 (rejecting the argument that the Carmack Amendment does not preempt state law claims where a carrier is operating on a contract basis). Here, plaintiff's breach of contract claim alleges that defendants failed to deliver the Cargo as promised. FAC ¶ 30. Accordingly, plaintiff's breach of contract claim is completely preempted and thus cannot support entry of default judgment.

The Carmack Amendment also "constitutes a complete defense to common law claims against interstate carriers for negligence, fraud and conversion, even though these claims may not be completely preempted." White v. Mayflower Transit, L.L.C., 543 F.3d 581, 584 (9th Cir. 2008) (citing Hall, 476 F.3d at 689). In the Ninth Circuit, the Carmack Amendment preempts a common law claim "to the extent that it arises from the same conduct as the claims for delay, loss or damage to shipped property." Id. at 586 (holding that the Carmack Amendment preempted the plaintiff's claim for intentional infliction of emotional distress "because it is based solely on the same conduct giving rise to his claims for property damage"); see also Roberts, 394 F. Supp. 2d at 1180 (noting the general rule is that "the Carmack Amendment preempts claims based on loss or damage to goods shipped in interstate commerce while claims based on conduct separate and distinct from the delivery, loss of, or damage to goods survive preemption."). Here, plaintiff's claims for negligence and breach of bailment are based entirely on the same conduct that forms the basis of its claims for property damage under the Carmack Amendment. These claims are thus subject to a complete defense and the Court consequently declines to enter default judgment thereon.

Accordingly, the second and third Eitel factors weighs in favor of entering default judgment, but solely as to plaintiff's Carmack Amendment claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | | |
|---|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | **'O'** | **JS-6** |
| Case No. | 2:16-cv-08991-CAS (PJWx) | Date | May 18, 2018 | |
| Title | HERITAGE INTERNATIONAL, INC. V. SMBAT KG EXPRESS, INC. ET AL. | | | |

### C. Sum of Money at Stake in the Action

Pursuant to the fourth Eitel factor, the Court balances "the amount of money at stake in relation to the seriousness of the [defaulting party's] conduct." PepsiCo, 238 F. Supp. 2d at 1176; see Eitel, 782 F.2d at 1471–72. "While the allegations in a complaint are taken to be true for the purposes of default judgment, courts must make specific findings of fact in assessing damages." Moroccanoil, Inc. v. Allstate Beauty Prod., Inc., 847 F. Supp. 2d 1197, 1202 (C.D. Cal. 2012). The Court reviews declarations, calculations, and other damages documentation to determine whether the sum of money at stake is appropriate. Craneveyor Corp. v. AMK Express Inc., No. CV 16-6049-RSWL-EX, 2017 WL 89553, at *5 (C.D. Cal. 2017).

The Carmack Amendment "makes a carrier covered by the [Interstate Commerce Act] liable for damages it causes to property it transports in the amount of the 'actual loss or injury to the property.'" Contempo Metal Furniture Co. of Cal. v. E. Tex. Motor Freight Lines, Inc., 661 F.2d 761, 764 (9th Cir. 1981) (quoting 49 U.S.C. 14706(a)(1)). Plaintiff alleges that defendants failed to deliver the lost or stolen Cargo, FAC ¶ 12, and accordingly seeks to recover the invoice value: $175,017.60. Tang Decl. ¶ 7. Plaintiff has attached a copy of the commercial invoice for the Cargo, dated November 10, 2014, which indicates that Trader Joe's purchased a total of 1,384 units of various raw, mixed, and dry-roasted nuts for a total of $175,017.60. Id. ¶ 5, Ex. B. Based on this invoice, the Court finds that plaintiff has sufficiently demonstrated damages in the amount of $175,017.60.

Plaintiff also seeks to recover prejudgment interest at an annual rate of 10 percent from November 11, 2014 through May 21, 2018, totaling $59,948.46. Mot. at 1; FAC at 6, ¶ 2; dkt. 34-2, Declaration of Mark P. Estrella ("Estrella Decl.") ¶ 7. Counsel submitted a declaration stating that plaintiff is entitled to prejudgment interest under California law. Estrella Decl. ¶ 7. However, because plaintiff's state law claims are preempted by the Carmack Amendment, plaintiff is not entitled to prejudgment interest under state law. "[T]he award of pre-judgment interest in a case under federal law is a matter left to the sound discretion of the trial court. Awards of pre-judgment interest are governed by considerations of fairness and are awarded when it is necessary to make the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-08991-CAS (PJWx) | Date | May 18, 2018 |
| Title | HERITAGE INTERNATIONAL, INC. V. SMBAT KG EXPRESS, INC. ET AL. | | |

wronged party whole." Purcell v. United States, 1 F.3d 932, 942–43 (9th Cir. 1993) (citation omitted). Prejudgment interest is intended "to compensate for the loss of use of money due as damages from the time the claim accrues until judgment is entered." Barnard v. Theobald, 721 F.3d 1069, 1078 (9th Cir. 2013) (citation omitted). Courts have determined that an award of prejudgment interest is proper in Carmack Amendment cases to make the wronged party whole and to compensate shippers whose goods are damaged or lost while in the possession of a carrier. See, e.g., Oscar Meyer Foods Corp. v. Pruitt, 867 F. Supp. 322, 328 (D. Md. 1994); Co–Operative Shippers, Inc. v. Atchison, Topeka and Santa Fe Ry. Co., 624 F. Supp. 797, 800 (N.D. Ill. 1985)). The Court finds that an award of prejudgment interest is appropriate in this case to fully compensate plaintiff for the loss of its goods.

Accordingly, the fourth Eitel factor weighs in favor of the entry of default judgment.

### D. Possibility of a Dispute Concerning the Material Facts

The fifth Eitel factor considers the possibility that material facts are disputed. PepsiCo, 238 F. Supp. 2d at 1177; see also Eitel, 782 F.2d at 1471–72. As previously noted, plaintiff has sufficiently alleged its claim pursuant to the Carmack Amendment and has proved up damages by attaching a copy of the invoice for the Cargo. Although factual allegations relating to damages are not taken as true, Geddes, 559 F.2d at 560, the Carmack Amendment imposes "absolute liability" and accordingly leaves little room for dispute that a carrier is liable for "actual loss or injury to property," see Hughes Aircraft, 970 F.2d at 611. The Court therefore finds that a dispute concerning the material facts is remote, and this Eitel factor weighs in favor of entering default judgment.

### E. Possibility of Excusable Neglect

The sixth Eitel factor considers whether defendant's default may have been the product of excusable neglect. PepsiCo, 238 F. Supp. 2d at 1177; see also Eitel, 782 F.2d at 1471–72. Here, there is no indication that default was entered due to excusable neglect. Plaintiff executed service of process upon Movsisyan on November 8, 2016.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O' JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-08991-CAS (PJWx) | Date | May 18, 2018 |
| Title | HERITAGE INTERNATIONAL, INC. V. SMBAT KG EXPRESS, INC. ET AL. | | |

SMBAT was served on February 6, 2017. Dkt. 21. Plaintiff has also served defendants with notice of the instant motion and the amount of damages requested as required by Local Rule 55–2. Estrella Decl. ¶ 6. However, neither defendant has responded nor attempted to have its default set aside. Where a defendant was "properly served with the Complaint, the notice of entry of default, as well as the papers in support of the instant motion," this factor favors entry of default judgment. Shanghai Automation Instrument Co. Ltd. v. Kuei, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001). Accordingly, this factor weighs in favor of entering default judgment

### F. Policy in Favor of Decisions on the Merits

Under the seventh Eitel factor, the Court takes into account the strong policy favoring decisions on the merits. See Eitel, 782 F.2d at 1472. However, "this preference, standing alone, is not dispositive." PepsiCo, 238 F. Supp. 2d at 1177 (internal citation omitted). A party's failure to answer or appear makes a decision on the merits impractical, if not impossible. Id. Defendants' failure to appear or defend this action makes a decision on the merits impractical. Thus, the seventh Eitel factor does not preclude the entry of default judgment against SMBAT and Movsisyan.

Apart from the policy favoring decisions on the merits, all of the remaining Eitel factors militate in favor of entering default judgment, including the merits of plaintiff's Carmack claim. See Federal Nat. Mortg. Ass'n v. George, No. 5:14-cv-01679-VAP-SP, 2015 WL 4127958, *3 (C.D. Cal. July 7, 2015) ("The merits of the plaintiff's substantive claim and the sufficiency of the complaint are often treated by courts as the most important Eitel factors.") (citations omitted). Consequently, the Court grants plaintiff's motion for default judgment against SMBAT and Movsisyan.

### V. CONCLUSION

In accordance with the foregoing, the Court **GRANTS** plaintiff's motion for default judgment against defendants SMBAT and Movsisyan but solely as to plaintiff's claim for violation of the Carmack Amendment, 49 U.S.C. § 11706.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'  JS-6

| | | | |
|---|---|---|---|
| Case No. | 2:16-cv-08991-CAS (PJWx) | Date | May 18, 2018 |
| Title | HERITAGE INTERNATIONAL, INC. V. SMBAT KG EXPRESS, INC. ET AL. | | |

It is hereby **ORDERED** that judgment be entered in favor of plaintiff. Defendants SMBAT and Movsisyan shall be jointly and severally liable to plaintiff in the amount of $175,017.60 in damages plus prejudgment interest. Plaintiff is directed to submit a proposed judgment forthwith indicating by memorandum attached thereto the applicable prejudgment interest rate as computed under 28 U.S.C. § 1961(a).

IT IS SO ORDERED.

| | 00 | : | 02 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |